UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allan Johnson, | Civil Action No.: 1:15-cv-06518 |
| Plaintiff, | |
| v. | |
| Time Warner Cable, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Allan Johnson, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Allan Johnson ("Plaintiff"), is an adult individual residing in Cleveland, Tennessee, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Time Warner Cable, Inc. ("TWC"), is a New York business entity with an address of 60 Columbus Circle, New York, New York 10023, and is a "person" as defined by 47 U.S.C. § 153(39).

### ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Within the last year, TWC called Plaintiff's cellular telephone, number 423-xxx-0630, from telephone number 800-892-2253 using an automatic telephone dialing system ("ATDS").

6. TWC uses an "interactive voice response" calling system (the "IVR") to make calls to its customers. The IVR is an ATDS under the TCPA in that it creates a list of telephone numbers and then dials from that list without human intervention. *See King v. Time Warner Cable*, 2015 WL 4103689, at *4 (S.D.N.Y., Jul. 7, 2015).

7. When Plaintiff answered calls from TWC, he heard a prerecorded message which stated that TWC was calling about an important change in the status of an account.

8. Plaintiff never provided his cellular telephone number to TWC and never provided his consent to be contacted on his cellular telephone number. Plaintiff does not have an account with TWC.

9. In addition, in May 2015 Plaintiff spoke with a TWC representative and demanded that the automated calls to his cellular telephone number cease.

10. Nevertheless, TWC continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA –
## 47 U.S.C. § 227, *et seq.*

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. Plaintiff never provided his cellular telephone number to TWC and never provided his consent to be contacted on his cellular telephone.

13. Without prior express consent, TWC placed automated calls to Plaintiff's cellular telephone number in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. TWC continued to place automated calls to Plaintiff's cellular telephone number despite knowing there was no consent to continue the calls. As such, each call placed to Plaintiff

was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by TWC was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from TWC to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. TWC's telephone system has the capacity to store numbers in a random and sequential manner. *See King*, 2015 WL 4103689, at *4.

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 18, 2015

                                        Respectfully submitted,

                                        By _____
                                        Jenny DeFrancisco, Esq. (JD4220)
                                        LEMBERG LAW L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorneys for Plaintiff