UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAQUEL S. MEJIA, LEONA HUNTER, and ANNE MARIE VILLA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>TIME WARNER CABLE INC.,<br><br>                Defendant. | No. 15 Civ. 6445 (JPO) |
| ALLAN JOHNSON, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>TIME WARNER CABLE INC.,<br><br>                Defendant. | No. 15 Civ. 6518 (JPO) |

**UNITED STATES OF AMERICA'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION
UNDER 28 U.S.C. § 1292(B) AND IN SUPPORT OF A STAY**

                                              JOON H. KIM
                                              Acting United States Attorney
                                              Southern District of New York
                                              *Counsel for the United States of America*
                                              86 Chambers Street, 3rd Floor
                                              New York, New York 10007
                                              Telephone: (212) 637-2793
                                              Facsimile: (212) 637-2717

*Of Counsel:*
MICHAEL J. BYARS
Assistant United States Attorney

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................3

POINT I.   THESE ACTIONS SHOULD BE STAYED PENDING THE DECISION
           OF THE D.C. CIRCUIT IN *ACA INTERNATIONAL* ................................................3

POINT II.  THE MOTION FOR CERTIFICATION SHOULD BE DENIED ............................5

    A.   Legal Standards ..........................................................................................................5

    B.   Time Warner Has Failed to Show a Substantial Ground for a Difference of
         Opinion Regarding the Court's Ruling that the TCPA Is Constitutional ...................7

        1.   The Court's Ruling Comports With Established Case Law ...............................7

        2.   The Court's Use of a Strict Scrutiny Analysis Is Not a *Per Se* Basis for
              Certification .......................................................................................................8

        3.   There Is No Ground for Substantial Disagreement That the TCPA Serves
              Compelling Interests .......................................................................................10

        4.   There Is No Ground for Substantial Disagreement That the TCPA Is
              Narrowly Tailored ...........................................................................................11

        5.   There Is No Ground for Substantial Disagreement That the TCPA Is
              Not an Improper Speaker-Based Distinction ..................................................12

        6.   There Is No Ground for Substantial Disagreement That the TCPA Is
              Not Content Based Because It Authorizes the FCC to Create Exceptions ......13

CONCLUSION ..............................................................................................................................14

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                              <u>Page</u>

*Abbas v. Selling Source, LLC*,
    No. 09 CV 3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) ..........................................7

*Abplanalp v. United Collection Bureau, Inc.*,
    No. 15 Civ. 203, 2016 WL 81498 (W.D.N.C. Jan. 7, 2016) ...............................................4

*Acton v. Intellectual Capital Mgmt., Inc.*,
    No. 15 Civ. 4004, 2015 WL 9462110 (E.D.N.Y. Dec. 28, 2015) ......................................4

*Adarand Constructors, Inc. v. Pena*,
    515 U.S. 200 (1995)............................................................................................................9

*A.N.S.W.E.R. Coal. v. Kempthorne*,
    537 F. Supp. 2d 183 (D.D.C. 2008) .................................................................................13

*Arkansas Writers' Project v. Ragland*,
    481 U.S. 221 (1987)..........................................................................................................10

*Bell v. City of Winter Park, Florida* ,
    745 F.3d 1318 (11th Cir. 2014) .......................................................................................13

*Brickman v. Facebook, Inc.*,
    230 F. Supp. 3d 1036 (N.D. Cal. 2017) .................................................................... *passim*

*Cahaly v. Larosa*,
    796 F.3d 399 (4th Cir. 2015) ...........................................................................................12

*Carey v. Brown*,
    447 U.S. 455 (1980)..........................................................................................................10

*Chemical Bank v. Slaner (In re Duplan Corp.)*,
    591 F.2d 139 (2d Cir. 1978)...............................................................................................5

*City of Lakewood v. Plain Dealer Pub. Co.*,
    486 U.S. 750 (1988)..........................................................................................................13

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978)............................................................................................................6

*Doninger v. Niehoff*,
    642 F.3d 334 (2d Cir. 2011)...............................................................................................7

*Errington v. Time Warner Cable Inc.*,
    No. 15 Civ. 2196, 2016 WL 2930696 (C.D. Cal. May 18, 2016) ......................................4

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
    No. 13 Civ. 5784 (CM), 2015 WL 585641 (S.D.N.Y. Feb. 10, 2015) ................................9

*Flor v. BOT Fin. Corp. (In re Flor)*,
    79 F.3d 281 (2d Cir. 1996) ........................................................................................... 5-6

*Flores v. City of Boerne*,
    521 U.S. 507 (1997) ..........................................................................................................9

*Fontes v. Time Warner Cable Inc.*,
    No. 14 Civ. 2060, 2015 WL 9272790  (C.D. Cal. Dec. 17, 2015) .....................................4

*Greenley v. Laborers' Int'l Union of N. Am.*,
    No. 16 Civ. 3773, 2017 WL 4180159 (D. Minn. Sept. 19, 2017) ............................ passim

*Holt v. Facebook, Inc.*,
    240 F. Supp. 3d 1021 (N.D. Cal. 2017) ................................................................... passim

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
    693 F. Supp. 2d 241 (S.D.N.Y. 2010) ...............................................................................6

*In re Lloyd's American Trust Fund Litig.*,
    No. 96 Civ. 1262 (RWS), 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) .....................3, 5, 6

*Joffe v. Acacia Mortg. Corp.*,
    121 P.3d 831 (Ariz. Ct. App. 2005) ...................................................................................7

*Kaahumanu v. Hawaii*,
    682 F.3d 789 (9th Cir. 2012) ...........................................................................................13

*Karsjens v. Jesson*,
    No. 11 Civ. 3659 (DWF), 2015 WL 4478972 (D. Minn. July 22, 2015) ...........................9

*Kirkeby v. Furness*,
    92 F.3d 655 (8th Cir. 1996) .............................................................................................10

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
    Amministrazione Straordinaria*,
    921 F.2d 21, 25 (2d Cir. 1990) .......................................................................................6, 8

*Kolloukian v. Uber Techs., Inc.*,
    No. 15 Civ. 2856, 2015 WL 9598782 (C.D. Cal. Dec. 14, 2015) ......................................4

*Levine v. Apker*,
    455 F.3d 71 (2nd Cir. 2006) ..............................................................................................4

*Mey v. Venture Data, LLC*,
    245 F. Supp. 3d 771 (N.D.W. Va. 2017) ...........................................................................7

*McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.*,
    849 F.2d 761 (2d Cir. 1988) ................................................................................................5

*Patriotic Veterans, Inc. v. Zoeller*,
    845 F.3d 303 (7th Cir. 2017) ...........................................................................................8, 10

*Reed v. Town of Gilbert*,
    135 S. Ct. 2218 (2015) ...................................................................................................3, 11

*Regents of the University of California v. Bakke*,
    438 U.S. 265 (1978) ............................................................................................................9

*Riley v. California*,
    134 S. Ct. 2473 (2014) .................................................................................................8, 10

*Rose v. Wells Fargo Advisors*,
    No. 16 Civ. 562, 2016 WL 3369283 (N.D. Ga. June 14, 2016) .........................................4

*Smith v. University of Washington, Law School*,
    233 F.3d 1188 (9th Cir. 2000) ............................................................................................9

*Solantic, LLC v. City of Neptune Beach*,
    410 F.3d 1250 (11th Cir. 2005) .......................................................................................13

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
    No. 06 Civ. 15375 (KMK), 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007) ........................6

*Strickler v. Bijora, Inc.*,
    No. 11 CV 3468, 2012 WL 5386089 (N.D. Ill. Oct. 30, 2012) ..........................................7

*Union Cty., Iowa v. Piper Jaffray & Co.*,
    525 F.3d 643 (8th Cir. 2008) ..............................................................................................4

*Wausau Bus. Ins. Co. v. Turner Constr. Co.*,
    151 F. Supp. 2d 488 (S.D.N.Y. 2001) ................................................................................6

*Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*,
    964 F.2d 85 (2d Cir. 1992) .................................................................................................6

*Williams-Yulee v. Florida Bar*,
    135 S. Ct. 1656 (2015) ................................................................................................ 8-9, 11

*Women Strike for Peace v. Morton*,
    472 F.2d 1273 (D.C. Cir. 1972) .......................................................................................13

*Wreyford v. Citizens for Transp. Mobility, Inc.*,
    957 F. Supp. 2d 1378 (N.D. Ga. 2013) ..............................................................................7

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
    516 U.S. 199 (1996) ...........................................................................................................7

<u>Statutes</u>
28 U.S.C. § 1291 ............................................................................................................................1

28 U.S.C. § 1292(b) ............................................................................................................ *passim*

47 U.S.C. § 227(b)(1)(A)(iii) .............................................................................................. *passim*

47 U.S.C. § 227(b)(2) ..............................................................................................................2, 14

Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301, 129 Stat. 584 .....................................2

Intervenor the United States of America (the "Government"), by its attorney, Joon H. Kim, Acting United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to the motion by defendant Time Warner Cable Inc. ("Time Warner") for certification of an interlocutory appeal from the Court's August 1, 2017 Opinion and Order rejecting Time Warner's constitutional challenge to the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. § 227, and in support of a stay of proceedings pending the decision of the Court of Appeals for the District of Columbia Circuit in *ACA International v. FCC*, No. 15-1211 (argued Oct. 19, 2017).[1]

**PRELIMINARY STATEMENT**

Time Warner's motion for certification does not meet the high standards for departing from the final judgment rule. *See* 28 U.S.C. § 1291. One of the relevant factors for such a departure looks to the effect of an appellate ruling on other, similar cases. Given that a decision by the D.C. Circuit in *ACA International* may help to narrow the issues in pending TCPA cases, the Court should stay proceedings in the *Mejia* and *Hunter* cases (including its adjudication of Time Warner's certification motion) until *ACA International* is decided. Granting a stay would be in accord with the principle that a court should defer constitutional questions until other grounds for decision are resolved. Moreover, any stay would likely be only for a short time given that the D.C. Circuit took the matter under submission nearly eleven months ago.

In any event, the motion for certification also fails on the merits. Most notably, Time Warner cannot satisfy the statutory requirement of showing that there is a "substantial ground for difference of opinion" regarding the Court's determination that the TCPA is constitutional. *Id.* § 1292(b). This is because numerous courts have upheld the TCPA against constitutional

---

[1] Terms used herein shall bear the same meanings as in the Government's brief in intervention. *See Mejia*, ECF No. 147; *Hunter*, ECF No. 69.

challenge, and because this Court's ruling is well grounded in precedent recognizing the compelling interests advanced by the TCPA, namely, individuals' privacy interests in the context of their cell phones and the Government's interest in collecting debt owed to it. The cases that Time Warner cites as potential grounds for disagreement do not show actual disagreement on the issue of the TCPA's constitutionality, or even directly address the specific interests served by the TCPA.

Time Warner's motion for certification is without merit and should be denied.

## BACKGROUND

As noted in the Government's brief in intervention, the TCPA was enacted to address numerous complaints about abuses of telephone technology, which have only grown since the proliferation of cell phone technology. *See Mejia*, ECF No. 147 at 3; *Hunter*, ECF No. 69 at 3. The TCPA provision challenged by Time Warner makes it unlawful

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii). Congress added the final clause of this provision—*i.e.*, the "government-debt exception"—in November 2015. *See* Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301, 129 Stat. 584, 588. The TCPA also authorizes the Federal Communications Commission (the "FCC") to make additional exemptions. *See* 47 U.S.C. § 227(b)(2).

Time Warner argued that the government-debt exception rendered the TCPA content based on its face and also characterized the exception as a speaker-based restriction. *See* 2017 WL 3278926, at *12. Time Warner also argued that the FCC's authority to create additional exemptions exacerbated the TCPA's content-based nature. *See id.* Time Warner further argued that, because the TCPA was a content-based and/or a speaker-based restriction, the Supreme

Court's decision in *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), required that the TCPA be analyzed under strict scrutiny, which was fatal.

The Court held that the TCPA is content based and thus subject to the strict scrutiny standard, but concluded that the TCPA served the compelling interests of protecting personal privacy and collecting debt owed to the Government, and was sufficiently narrowly tailored to those interests. *See* 2017 WL 3278926, at *16-*17. In so doing, the Court also concluded that Time Warner's proposed less-restrictive alternatives would not be at least as effective as the TCPA's restrictions. *See id.* at *17.

## ARGUMENT

### I. THESE ACTIONS SHOULD BE STAYED PENDING THE DECISION OF THE D.C. CIRCUIT IN *ACA INTERNATIONAL*

The Court should stay further proceedings in these actions, including its decision on Time Warner's certification motion, pending the D.C. Circuit's decision in *ACA International*, The Court "possesses inherent authority to control the disposition of the causes on its docket and has power to stay an action as an incident of that authority." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015).

As discussed more fully below, one factor in the certification analysis is whether the certified issue has precedential value for a large number of cases. *See In re Lloyd's American Trust Fund Litig.*, No. 96 Civ. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997). *ACA International* is an appeal from an administrative decision of the FCC in which the definitions of a number of key terms in the TCPA are at issue, and thus the D.C. Circuit's decision in that case may provide guidance to courts regarding what technologies are automatic telephone dialing systems under the TCPA. Although Time Warner asserts that there are "over 100 TCPA cases . . . filed in this Circuit within the last year" and that "[t]his issue is likely to be

relevant in many of them," ECF No. 156 at 8, it is not clear how many of these cases may be resolved based on *ACA International* without consideration of the constitutional issues presented here.[2]

A stay also would be consistent with the principle that a court should not address the constitutionality of a statute until it resolves any other potentially dispositive issues. *See Levine v. Apker*, 455 F.3d 71, 87 n.10 (2d Cir. 2006) ("[A] court should not reach constitutional issues when there are other, nonconstitutional grounds upon which it can resolve the case."); *see also Brickman v. Facebook, Inc.*, No. 17-80080 (9th Cir. Aug. 17, 2017) (ECF No. 12) (staying the petitions for appeal in *Brickman* and *Holt* pending the decision in *ACA International*).

In addition, the D.C. Circuit's decision may, at the very least, narrow the issues in the *Mejia* and *Hunter* cases to the extent that plaintiffs' claims concern the alleged use of autodialers. Furthermore, a stay would likely be short-lived, as briefing in *ACA International* already has been completed and oral argument took place on October 19, 2016.

---

[2] The Government notes that numerous (although not all) courts around the country have stayed TCPA litigation pending the outcome in *ACA International*. *See, e.g.*, *Rose v. Wells Fargo Advisors*, No. 16 Civ. 562, 2016 WL 3369283, at *1-*2 (N.D. Ga. June 14, 2016) (a ruling from the D.C. Circuit will clarify the threshold issues and a stay would not prejudice the plaintiff); *Errington v. Time Warner Cable Inc.*, No. 15 Civ. 2196, 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016) (concluding that "hardship to Defendant and considerations of judicial economy weigh in favor of a stay" pending the outcome of *ACA International*); *Abplanalp v. United Collection Bureau, Inc.*, No. 15 Civ. 203, 2016 WL 81498, at *3 (W.D.N.C. Jan. 7, 2016) (same); *Kolloukian v. Uber Techs., Inc.*, No. 15 Civ. 2856, 2015 WL 9598782, at *1 (C.D. Cal. Dec. 14, 2015) ("[A] stay will conserve the Court's and the parties' resources by simplifying the issues in question, streamlining the resolution of substantive issues, and reducing the burden on the parties and the Court."); *Fontes v. Time Warner Cable Inc.*, No. 14 Civ. 2060, 2015 WL 9272790, at *4-*5 (C.D. Cal. Dec. 17, 2015) (granting a stay and remarking that "there is a legitimate possibility that the Court of Appeals may overturn" relevant portions of the 2015 Order and "it is prudent to await further guidance from the D.C. Circuit" because "the proper interpretation of the TCPA remains unclear"); *Acton v. Intellectual Capital Mgmt., Inc.*, No. 15 Civ. 4004, 2015 WL 9462110, at *3 (E.D.N.Y. Dec. 28, 2015) (finding that a stay pending a ruling by the D.C. Circuit was in the "interests of justice" because "the resolution of the D.C. Circuit Court of Appeals will more precisely define terms set forth in the TCPA").

## II.  THE MOTION FOR CERTIFICATION SHOULD BE DENIED

### A.  Legal Standards

A district court has statutory authority to certify an interlocutory order for appeal if it "is of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for a difference of opinion and that immediate appeal could materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir. 1988).

Section 1292(b)'s first and third factors often are analyzed together (*i.e.*, a "controlling issue of law" that would "materially advance the ultimate termination of the litigation" if decided on interlocutory appeal), the latter often being a factor in the determination of the former.  *See Chemical Bank v. Slaner (In re Duplan Corp.)*, 591 F.2d 139, 148 n.11 (2d Cir. 1978).  Thus, a controlling question of law exists if:

> (1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases.

*In re Lloyd's American Trust Fund Litig.*, 1997 WL 458739, at *4.

The remaining statutory factor (*i.e.*, "a substantial ground for a difference of opinion") may be satisfied by "identification of a sufficient number of conflicting and contradictory opinions, . . . [but] a dearth of cases does not constitute substantial ground for difference of opinion."  *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 647 (8th Cir. 2008) (internal quotation marks and citation omitted).  "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  *Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996).  "Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition

to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Id.* (internal quotation marks and alterations omitted).

District courts must ensure that § 1292(b) is "strictly construed." *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Interlocutory appeals "are strongly disfavored in federal practice." *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). The Second Circuit has repeatedly "urged the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). "[O]nly 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (superseded by rule on other grounds)); *see also, e.g.*, *In re Lloyd's*, 1997 WL 458739, at *3 (noting that the court "has granted only two out of twenty-three such motions in reported opinions over the past eighteen years"). "Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." *In re Lloyd's*, 1997 WL 458739, at *3 (internal quotation marks and citations omitted).

Moreover, "[d]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06 Civ. 15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (internal quotation marks and alteration omitted).

**B.  Time Warner Has Failed to Show a Substantial Ground for a Difference of Opinion Regarding the Court's Ruling that the TCPA Is Constitutional**

The Court should deny certification of an interlocutory appeal because there is no substantial ground for disagreement regarding the Court's holding that the TCPA is constitutional.[3]  The courts unanimously have held the TCPA to be constitutional, both before and after Congress added the government-debt exception.  *See, e.g.*, *Greenley v. Laborers' Int'l Union of N. Am.*, ___ F. Supp. 3d ____, No. 16 Civ. 3773, 2017 WL 4180159, at *14-*15 (D. Minn. Sept. 19, 2017); *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771 (N.D.W. Va. 2017); *Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021, 1034 (N.D. Cal. 2017); *Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036, 1047 (N.D. Cal. 2017); *Wreyford v. Citizens for Transp. Mobility, Inc.*, 957 F. Supp. 2d 1378, 1380 (N.D. Ga. 2013); *Strickler v. Bijora, Inc.*, No. 11 CV 3468, 2012 WL 5386089, at *5-*6 (N.D. Ill. Oct. 30, 2012); *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *7-*8 (N.D. Ill. Dec. 14, 2009); *Joffe v. Acacia Mortg. Corp.*, 121 P.3d 831, 841-43 (Ariz. Ct. App. 2005) (upholding the TCPA in state court).

**1.  The Court's Ruling Comports With Established Case Law**

The Court's strict-scrutiny analysis is well grounded in case law recognizing that the compelling interest in protecting privacy extends to cell phones:

> "No one can deny the legitimacy of the state's goal:  Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious."

---

[3] Certification under section 1292(b) provides the appellate court with jurisdiction "over the entire order, not merely over the question as framed by the district court."  *Doninger v. Niehoff*, 642 F.3d 334, 338 n.2 (2d Cir. 2011) (internal quotation marks omitted).  Thus, "the appellate court may address any issue fairly included within the certified order."  *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).  Accordingly, the controlling question of law here would be whether the TCPA is constitutional, and would not be limited to whether the Court's strict-scrutiny analysis was correct.  In any event, there is no substantial ground for difference of opinion regarding the Court's analysis, as discussed above.

2017 WL 3278926, at *16 (quoting *Patriotic Veterans, Inc. v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017)); *see also id.* (quoting the Supreme Court's observation in *Riley v. California*, 134 S. Ct. 2473, 2494-95 (2014), that cell phones are "not just another technological convenience" but "hold for many Americans the privacies of life" (internal quotation marks omitted)). The Court also properly recognized the federal government's "particularly compelling" interest in collecting debts owed to it. 2017 WL 3278926, at *16.

In addition, the Court's conclusion that the TCPA is narrowly tailored comports with the Supreme Court's explanation that "the First Amendment imposes no freestanding underinclusiveness limitation," and that a statute's underinclusiveness may raise "doubts about whether the government is in fact pursuing the interest it invokes, rather than disfavoring a particular speaker or viewpoint." 2017 WL 3278926, at *17 (quoting *Williams-Yulee v. Florida Bar*, 135 S. Ct. 1656, 1668 (2015)) (internal quotation marks omitted). The Court correctly applied these principles in concluding that the government-debt exception "is a narrow exception from liability in furtherance of a compelling interest." *Id.* at *17.

Given the Court's application of well-established legal principles, and in the absence of any contradictory precedent regarding the constitutionality of the TCPA, appellate review presumptively is to occur only after final judgment. *Klinghoffer*, 921 F.2d at 25.

### 2.    The Court's Use of a Strict Scrutiny Analysis Is Not a *Per Se* Basis for Certification

The Court should reject Time Warner's threshold argument that section 1292(b)'s requirement of a "substantial ground for difference of opinion" automatically is satisfied when a district court holds that a statute withstands strict scrutiny. *See* ECF No. 156 at 4; *see also id.* at 10 (referring to the TCPA as "presumptively unconstitutional"). As the Supreme Court has reaffirmed, strict scrutiny analysis is not "'strict in theory, but fatal in fact.'" *Williams-Yulee*,

135 S. Ct. at 1666 (quoting *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 237 (1995)). The fact that a statute is upheld under strict scrutiny does not mean that immediate appellate review is warranted. *See, e.g.*, *Karsjens v. Jesson*, No. 11 Civ. 3659 (DWF), 2015 WL 4478972, at *2 (D. Minn. July 22, 2015) (declining to grant certification of order upholding civil commitment statutes under strict scrutiny).[4]

The cases relied upon by Time Warner do not support its proposed *per se* rule. The Supreme Court's decision in *Flores v. City of Boerne* did not address the propriety of the district court's certification of an interlocutory appeal to the Fifth Circuit. 521 U.S. 507, 512 (1997). Moreover, the other two cases cited by Time Warner reinforce the principle that certification is a case-specific determination. At issue in *Smith v. University of Washington, Law School* was the use of race in the law school admissions process. 233 F.3d 1188 (9th Cir. 2000). On interlocutory review, the Ninth Circuit extensively analyzed the Supreme Court's "fragmented decision" in *Regents of the University of California v. Bakke*, 438 U.S. 265 (1978), in an effort to determine "what guidance . . . [*Bakke*] convey[ed] to an anxious nation." 233 F.3d at 1196-1201 (discussing three of the six *Bakke* opinions). And, in granting certification in *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, a case involving unsettled issues of state copyright law, the district court noted "the complicated history of public performance rights and copyright in the discrete medium of sound recordings." No. 13 Civ. 5784 (CM), 2015 WL 585641, at *2 (S.D.N.Y. Feb. 10, 2015).

---

[4] It appears that the certifications in *Holt* and *Brickman* are based on those courts' perception that the mere "plausib[ility]" of an opposite result is enough, particularly "in light of case law explaining the high bar that strict scrutiny presents." *Brickman*, No. 16 Civ. 751, 2017 WL 1508719, at *3 (N.D. Cal. Apr. 27, 2017); *Holt*, No. 16 Civ. 2266 (N.D. Cal. May 2, 2017) (ECF No. 86) ("For the same reasons [as in *Brickman*], the Court grants Facebook's 1292(b) motion."). The Government respectfully submits that this is not the correct legal standard.

### 3. There Is No Ground for Substantial Disagreement That the TCPA Serves Compelling Interests

Other courts agree with this Court's conclusion that the TCPA serves compelling interests. *See* 2017 WL 3278926, at *16; *accord Greenley*, ___ F. Supp. 3d at ____, 2017 WL 4180159, at *13 (stating that the "compelling interest in protecting residential privacy" is "well-established in the Eighth Circuit and elsewhere"); *Holt*, 240 F. Supp. 3d at 1033 (noting defendant Facebook's concession that the government's interest in promoting privacy was compelling, and quoting, *inter alia*, *Carey v. Brown*, 447 U.S. 455, 471 (1980), for the proposition that "'[t]he State's interest in protecting the well-being, tranquility, and privacy of the home is certainly of the highest order in a free and civilized society'"); *Brickman*, 230 F. Supp. 3d at 1045-46 (same).

Time Warner's reliance on cases involving restrictions on residential picketing is misplaced. *See* ECF No. 156 at 5 (citing, *inter alia*, *Kirkeby v. Furness*, 92 F.3d 655 (8th Cir. 1996); *Carey v. Brown*, 447 U.S. 455 (1980)). The heightened privacy interests implicated by calls to cell phones, which are likely to be carried on an individual's person or located very close nearby, including due to the highly personal and essential nature of the information stored on the phone, *see, e.g.*, *Patriotic Veterans*, 845 F.3d at 305-06; *Riley*, 134 S. Ct. at 2494-95, are substantially greater than those implicated by picketing that, even when occurring in a residential area, is nonetheless outside the home.

There also is no ground for substantial disagreement that the government's interest in collecting debts is compelling. Time Warner's citation to *Arkansas Writers' Project v. Ragland* (cited at ECF No. 156 at 5) is unavailing—there, the Supreme Court determined that a state's professed "interest in raising revenue" was not sufficiently compelling because the sales tax in question was collected on some publications but not on others. 481 U.S. 221, 232 (1987). By

contrast, the TCPA's government-debt exception applies uniformly to all calls "made solely to collect a debt owed to or guaranteed by the United States," 47 U.S.C. § 227(b)(1)(A)(iii), and thus does not seek revenue from some potential sources but not others.

### 4. There Is No Ground for Substantial Disagreement That the TCPA Is Narrowly Tailored

Nor is there a substantial ground for disagreement regarding the Court's holding that the TCPA is sufficiently narrowly tailored. *See* 2017 WL 3278926, at *16-*17. Courts that have considered this precise question have all reached the same conclusion. *See Greenley*, ___ F. Supp. 3d at ____, 2017 WL 4180159, at *14 (concluding that the TCPA is narrowly tailored because it does not contain numerous exceptions or allow for unlimited proliferation of one type of call, only exempts emergency calls or calls made to those who owe a debt to the federal government, and does not restrict individuals who consent from receiving content that they wish to receive, and because proposed less-restrictive alternatives would not be at least as effective in achieving the TCPA's legitimate purpose); *Holt*, 240 F. Supp. 3d at 1033-34 (same); *Brickman*, 230 F. Supp. 3d at 1047-49 (same).

The case law principally relied on by Time Warner, *see* ECF No. 156 at 5, does not concern the TCPA or turn on privacy concerns. *See Williams-Yulee*, 135 S. Ct. at 1671 (holding that a state law was sufficiently narrowly tailored because it restricted the type of solicitations that raised the greatest concern about the integrity of the state's elected judiciary); *Reed*, 135 S. Ct. at 2231-32 (concluding that an ordinance was fatally underinclusive because its numerous exemptions allowed certain signage to proliferate). Moreover, as the Court noted, *see* 2017 WL 3278926, at *17, *Williams-Yulee* recognized that a restriction is not required to be "perfectly tailored" to withstand strict scrutiny. 135 S. Ct. at 1671 (internal quotation marks omitted).

Time Warner's reliance on *Cahaly v. Larosa*'s analysis of less restrictive alternatives also is misguided. *See* ECF No. 156 at 5-6 (citing 796 F.3d 399, 405 (4th Cir. 2015)). To begin with, the issue of alternative restrictions was unchallenged in that case. *See* 796 F.3d at 406 ("The [state] government has offered no evidence showing that these alternatives would not be effective in achieving its interest.").[5] Moreover, the state statute at issue in *Cahaly* differs significantly from the TCPA, in that it "prohibit[ed] only those robocalls that [we]re for the purpose of making an unsolicited consumer telephone call or [we]re of a political nature including, but not limited to, calls relating to political campaigns." 796 F.3d at 402. By contrast, the TCPA's broad prohibition applies based on the manner of dissemination of calls or text messages, regardless of their content. *See* 47 U.S.C. § 227(b)(1).

### 5. There Is No Ground for Substantial Disagreement That the TCPA Is Not an Improper Speaker-Based Distinction

Nor is there a basis for substantial disagreement with the Court's rejection of Time Warner's argument that the TCPA imposes a speaker-based distinction because it exempts government speakers from liability. *See* 2017 WL 3278926, at *15; *accord Brickman*, 230 F. Supp. 3d at 1047.

On its face, the TCPA's government-debt exception does not give rise to concerns about speaker-based discrimination, contrary to Time Warner's argument. *See* ECF No. 156 at 6. The government-debt exception exempts particular types of calls—*i.e.*, calls "made solely to collect a debt owed to or guaranteed by the United States," 47 U.S.C. § 227(b)(1)(A)(iii)—rather than calls by a particular speaker. The government-debt exception is thus unlike the speaker-based

---

[5] Other courts have declined to rely on *Cahaly* for this same reason and have independently rejected the specific less-restrictive alternatives proposed in that case. *See Greenley*, ___ F. Supp. 3d at ____, 2017 WL 4180159, at *14; *Holt*, 240 F. Supp. 3d at 1034; *Brickman*, 230 F. Supp. 3d at 1048-49.

provisions at issue in the cases cited by Time Warner. *See Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1265-66 (11th Cir. 2005) (discussing exemptions for certain signs "erected by public utilities" or "erected by, or on behalf of, or pursuant to the authorization of a governmental body"); *Women Strike for Peace v. Morton*, 472 F.2d 1273, 1293 (D.C. Cir. 1972) (noting that the regulations at issue "discriminate[d] between applicants" by allowing National Park Service events to proceed without a permit); *A.N.S.W.E.R. Coal. v. Kempthorne*, 537 F. Supp. 2d 183, 197 (D.D.C. 2008) (in case involving demonstration at presidential inaugural parade, applying *Women Strike for Peace* to require National Park Service "to subject itself to the same permitting regulations as other applicants for permits").

### 6. There Is No Ground for Substantial Disagreement That the TCPA Is Not Content Based Because It Authorizes the FCC to Create Exceptions

Finally, there is no ground for substantial disagreement regarding the Court's rejection of Time Warner's argument that the TCPA is content based because it authorizes the FCC to create further exceptions. *See* 2017 WL 3278926, at *15; *accord Greenley*, ___ F. Supp. 3d at ____, 2017 WL 4180159, at *13 ("[T]his provision is not facially or inherently content-based because there are content-neutral ways for the FCC to implement it, including relationship-based exceptions."); *Holt*, 240 F. Supp. 3d at 1032-33 (same); *Brickman*, 230 F. Supp. 3d at 1045 (same).

The case law cited by Time Warner principally concerns the review of licensing statutes that "vest[] unbridled discretion in a government official over whether to permit or deny expressive activity." *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755-56 (1988) (explaining that facial challenges are appropriate in such cases, including because such statutes constitute "a prior restraint and may result in censorship"); *Kaahumanu v. Hawaii*, 682 F.3d 789, 800-02, 805-07 (9th Cir. 2012) (same). The anti-loitering ordinance held unconstitutional in *Bell*

*v. City of Winter Park, Florida* permitted private citizens to regulate speech for any reason in public areas within fifty feet of their own property, including by seeking police enforcement. 745 F.3d 1318, 1323-25 (11th Cir. 2014).  The concerns in these cases do not apply to the TCPA's provisions for the FCC to promulgate regulations and create exemptions through rule or order.  *See* 47 U.S.C. § 227(b)(2).

## CONCLUSION

For the foregoing reasons, the Court should stay further proceedings pending the decision of the D.C. Circuit in *ACA International* and thereafter should deny Time Warner's motion to certify its August 1 Opinion and Order for interlocutory appeal.

Dated: New York, New York
October 3, 2017

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:   *s/ Michael J. Byars*
MICHAEL J. BYARS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone:  (212) 637-2793
Facsimile:  (212) 637-2717
E-mail:  michael.byars@usdoj.gov